IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-cv-1245-TFM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.*, Jacqueline Floyd ("Floyd" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).   Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the Court AFFIRMS the Commissioner's decision.

## I. NATURE OF THE CASE

Floyd requests judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits.   United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence.   42 U.S.C. § 405 (2006).   The court may affirm, reverse and remand with instructions, or reverse and render a judgment.   *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 Fed. Appx. 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence

preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted).  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid.  *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III.  BACKGROUND AND PROCEEDINGS

Floyd claims disability because of "problems with both knees and legs," diabetes, and arthritis in back.  (R. 55, 174-175).  Following initial administrative denial of her claim, Floyd requested a hearing before an administrative law judge (R. 83).  ALJ Vincent Intoccia ("the ALJ") convened a video evidentiary hearing on April 10, 2013. (R. 27-52).  Floyd also had a non-attorney representative present.  The ALJ received direct testimony from Floyd and a vocational expert ("VE").  The remaining evidentiary record consisted of medical reports from treating sources, a consulting examining source, and residual functional capacity assessments completed by a medical consultant who reviewed Floyd's medical records upon request of Alabama Disability Determination Services.[1]  The ALJ rendered an unfavorable verdict on June

---

[1]  R. 53-64.  "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves."  20 C.F.R. § 404.1616(a).

10, 2013. (R. 10-22).   On October 20, 2014, the Appeals Council denied Floyd's request for

review (R. 1-7).  This Social Security Appeal was filed on December 23, 2014.  *See* Doc. 1,

Complaint.

## IV. ADMINISTRATIVE DECISION

### A.      Sequential Evaluation Process

The Commissioner utilizes a five-step, burden-shifting analysis to determine when

claimants are disabled.  20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th

Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 Fed. Appx. 456, 2015 U.S. App. LEXIS 9640,

2015 WL 3605682 (11th Cir. June 10, 2015).  The ALJ determines:

(1)      Whether the claimant is currently engaged in substantial gainful activity;

(2)      Whether the claimant has a severe impairment or combination of impairments;

(3)      Whether the impairment meets or exceeds one of the impairments in the listings;

(4)      Whether the claimant can perform past relevant work; and

(5)      Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  When a

claimant is found disabled – or not – at an early step, the remaining steps are not considered.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  This procedure is a fair and just way

for determining disability applications in conformity with the Social Security Act.  *See Bowen v.*

*Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v.*

*Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the

sequential evaluation process "contribute[s] to the uniformity and efficiency of disability

determinations").

The burden of proof rests on the claimant through Step 4.  *See Ostborg v. Comm'r of Soc. Sec.*, 610 Fed. Appx. 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39.   A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden.  Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC").  20 C.F.R. § 404.1520(a)(4).  RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations.  *Phillips*, 357 F.3d at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  In order to do this, the ALJ can either use the Medical Vocational Guidelines[2] ("grids") or call a vocational expert.  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual.  *Id*. at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.  Otherwise, the ALJ may use a vocational expert.  *Id.*  A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments.  *Id*.  In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.  *Jones v. Apfel*,

---

[2]        *See* 20 C.F.R. pt. 404 subpt. P, app. 2

190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

**B.      Findings and Conclusions**

Employing the five step process, the ALJ found that Floyd has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[3]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Floyd cannot perform her past relevant work (Step 4).  (R. 15-21).  As such, Floyd met her prima facie case for disability and the burden shifted to the Commissioner to show there are a significant number of jobs in the national economy which Floyd can perform.

At Step Four, the ALJ found Floyd had the RFC to perform sedentary work.  (R. 17). Specifically, after evaluating the entire record, the ALJ determined Floyd is able to lift and carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday.  Floyd is limited to occasional use of bilateral lower extremities and is occasionally able to climb ramps or stairs.  Floyd is restricted from climbing ladders, ropes, and scaffolds.  She is frequently able to balance and occasionally able to stoop and crouch., but is restricted from kneeling and crawling.  Floyd should avoid concentrated exposure to extreme cold, extreme heat, wetness, and vibrations and avoid all exposure to hazards such as machinery and unprotected heights.  *Id*.  As a result of these limitations, the ALJ determined Floyd could not perform past relevant work.  (R. 21).  Therefore, the ALJ moved to Step Five to determine whether Floyd could perform other jobs in the national economy and determined there are jobs that exist in significant numbers in the national economy

---

[3]       The ALJ found the following "severe" impairments: diabetes mellitus type II, arthritis in the knees, and morbid obesity. (R. 15).

that Floyd could perform.   (R. 21-22).   The ALJ utilized the Medical-Vocational Rules and

Vocational Expert testimony regarding jobs in existing in the national economy which Floyd

could perform.   The VE provided several examples of jobs which Floyd could perform such as

cashier, storage facility rental clerk, and self-service clerk attendant.   (R. 22).   Consequently, the

ALJ found Floyd has not been disabled since the alleged onset date.   *Id*.

## V. ISSUES

Floyd identifies two issues on appeal:

(1)      The Commissioner's decision should be reversed, because the Appeals
Council erroneously denied Ms. Floyd's request for review in light of the material
evidence submitted thereto.

(2)      The Commissioner's decision should be reversed, because the ALJ (and
the Appeals Council) erred in rejecting the pain testimony of Ms. Floyd.

Pl. Br. at p. 2.

The Commissioner re-characterizes the issues as:

(1)      Whether the Appeals Council (AC) properly denied review in light of new
evidence submitted by Plaintiff.

(2)      Whether substantial evidence supports the administrative law judge's
(ALJ) credibility determination in rejecting Plaintiff's pain testimony.

Def. Br. at p. 1.   Regardless of the wording, the Commissioner does address the issues raised by

Plaintiff.

## VI. DISCUSSION AND ANALYSIS

## A.      Whether the Appeals Council properly denied review in light of the new evidence submitted by Floyd

According to the Eleventh Circuit, a "sentence six remand is available when According to

the Eleventh Circuit, a "sentence six remand is available when evidence not presented to the

Commission at any stage of the administrative process requires further review."   *Ingram v.*

*Comm'r of Soc. Sec.*, 496 F.3d 1253, 1267 (11th Cir. 2007).  "Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand."  *Id*. at 1269 (citations omitted).  As the evidence in Floyd's case, the Court can only look to sentence four on whether or not remand is appropriate.  Under "sentence four," the Court reviews whether the Appeals Council's decision to deny benefits was supported by substantial evidence in the record as a whole -- including any new evidence.  *Id*.

Floyd submitted the following additional evidence to the Appeals Council: (a) education records dated September 1, 1976 to May 28, 1982 (R. 218-21); (b) medical records from Montgomery Foot Care Specialists dated November 8, 2012 to January 23, 2013 (R. 430-41); (c) medical records from Alabama Orthopedic Specialists dated April 25, 2013 (R. 442-43); (d) medical records from Baptist Medical Center East dated June 15, 2013 (R. 444-50); (e) medical records from Richard A. Stehl, M.D. dated October 24, 2011 to April 3, 2013 (R. 451-61); (f) medical records from Donald Thornbury, M.D. dated August 12, 2012 to September 23, 2013 (R. 462-71); (g) medical records from Jackson Primary Care dated December 3, 2013 (R. 472-74); (h) medical records from Montgomery East Physical Therapy dated April 28, 2013 to May 30, 2013 (R. 475-539); (i) medical records from Karen Flanagan, M.D. dated December 5, 2013 to February 4, 2014 (not included in R.); and (j) medical records from Jackson Hospital dated February 10, 2014 to May 16, 2014 (not included in R.).

The Court first discusses the medical records listed above in (i) and (j).  The Appeals Commissioner notes the Appeals Council considered the evidence of Dr. Flanagan and the 2014 Jackson Hospital records, but determined those records related to a later period of time and did not affect the decision on whether Floyd was disabled before June 10, 2013 (the date of the

ALJ's determination).  Plaintiff does not challenge this conclusion in the brief and makes no reference to those particular records.  The Court therefore determines Floyd waived this particular issue.  *See, e.g., Persichilli v. Comm'r of Soc. Sec. Admin.*, 246 Fed. Appx. 613, 615 (11th Cir. 2007) (Eleventh Circuit held that claimant waived her appellate arguments by failing to raise them in the district court).  The Court then turns to the remaining evidence identified in (a) through (h).

New evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).  "Under 'sentence four' the Court reviews whether the Appeals Council's decision to deny benefits was supported by substantial evidence in the record as a whole -- including any new evidence.  Unlike with sentence six remands, the Appeals Council's review power does not include a requirement that the claimant show good cause." *Flowers v. Comm'r of Soc. Sec.*, 441 Fed. Appx. 735, 746 n. 9 (11th Cir. 2011) (citing *Ingram*, 496 F.3d at 1262-69 (concluding the district court erred in refusing to consider new evidence that was submitted to the Appeals Council because the claimant had not shown good cause); 42 U.S.C. § 405(g) (imposing a "good cause" requirement in sentence six, but not sentence four); 20 C.F.R. §§ 404.970, 416.1470 (requiring the Appeals Council to evaluate new and material evidence related to the relevant period without imposing a good cause requirement)).

The Flowers court also stated that "[w]hen a claimant presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers*, 441 Fed. Appx. at 745 (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).  However, the Appeals Council is not required, when denying a request for review, to give a detailed rationale for why each piece of new evidence

submitted to it does not change the ALJ's decision.  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783-85 (11th Cir. 2014); *see also Atha v. Comm'r, Soc. Sec. Admin.*, 616 Fed. Appx. 935-36 (11th Cir. 2015) (citing *Mitchell*).  In both *Mitchell* and *Alta* – as we have in this case – the Appeals Council denied review, stating simply that it had considered the additional evidence but "the information did not provide a basis for changing the ALJ's decision." *Mitchell*, 771 F.3d at 782; *Alta*, 616 Fed. Appx. at 935; R. 2.   The Eleventh Circuit has determined that the Appeals Council's explanation was sufficient and emphasized the record did not provide a "basis for doubting the Appeals Council's statement that it considered [the] evidence."  *Alta*, 616 Fed. Appx. at 935.

The Eleventh Circuit reiterates that the Appeals Council must grant a petition for review *only* if it finds that the ALJ's 'action, findings, or conclusion is contrary to the weight of the evidence,' including the new and material evidence."  *Alta*, 616 Fed. Appx. at 936 (quoting *Ingram*, 496 F.3d at 1261; 20 C.F.R. § 416.1470(b)).   On appeal, when the Appeals Council denies review based on new evidence, the court's review considers whether the claimant's new evidence "renders the denial of benefits erroneous."  *Ingram*, 496 F.3d at 1262; *see also Alta*, 616 Fed. Appx. at 936 (citing *Ingram* and stating same).

The ALJ did make a finding that "there is no evidence in the record that [Floyd] has end state organ damage, visual deterioration or peripheral neuropathy due to her diabetes."  R. 19.  The new evidence does have mention of peripheral neuropathy in Dr. Christie's records.  R. 431-441.   Thus, the Court must determine whether the new evidence involving Dr. Christie's peripheral neuropathy discussion results in a reasonable possibility that the new evidence would change the administrative outcome.

The Commissioner spends a great deal of effort trying to dispute the diagnosis of

peripheral neuropathy, but for the purposes of this analysis, the Court will assume that Plaintiff has shown that there is at least some evidence she has been diagnosed with peripheral neuropathy.  However, even considering the additional medical records and the possibility that some peripheral neuropathy exists, substantial evidence supports the ALJ's denial of the disability application.  Specifically, even if Plaintiff did suffer from peripheral neuropathy, there is no evidence to establish that the impairment limits her further than what the ALJ already done in his RFC determination.  Specifically, sedentary work with limitations of the occasional use of her bilateral lower extremities and the other limitations discussed supra section IV-B.  R. 17.  Further, even Dr. Christie's treatment remained conservative in nature and notes Floyd was not fully compliant with her treatment. R. 432-441.

The Court performed an extensive review of the records (both the original records before the ALJ and the additional evidence provided to the Appeals Council) and cannot find that the additional evidence before the Appeals Council rendered the denial of benefits erroneous.  As such, there is no basis for reversal on this point.

**B.     Whether substantial evidence supports the administrative law judge's (ALJ) credibility determination in rejecting Plaintiff's pain testimony**

Floyd also challenges the ALJ credibility determination in rejecting her pain testimony as to the intensity, persistence, and limiting effects of her symptoms.  Specifically, Floyd argues substantial evidence does not support the ALJ's finding.

When a claimant attempts to establish a disability through her own testimony concerning pain or other subjective symptoms, the Eleventh Circuit requires "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain, or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002);

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Duval v. Comm'r of Soc. Sec.*, 628 Fed. Appx. 703, 2015 U.S. App. LEXIS 22762, 2015 WL 9466876 (11th Cir. Dec. 29, 2015) (quoting standard from *Wilson*). If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c)(1), 416.927(c)(1). The Eleventh Circuit has specifically stated "[w]e have held that credibility determinations are the province of the ALJ…and we will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell*, 771 F.3d at 782 (internal citation omitted).

In the case at hand, the ALJ stated "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 18. The ALJ then goes into a great amount of detail regarding Floyd's medical records. The ALJ gave significant weight to Floyd's treating physician Dr. Walcott and the consultative evaluator Dr. Babb. He also considered the opinion of the state agency medical consultant Dr. Heilpern. Plaintiff's treatment records indicate primarily a conservative treatment approach and that she also was not interested in further surgical intervention. Floyd also collected unemployment benefits until March 2013 wherein she certified she was willing and able to work. R. 34-35. The hearing in front of the ALJ was on April 10, 2013. This Court finds the ALJ adequately articulated his credibility determination, substantial evidence supports that determination, and there is no basis for the Court to disturb the ALJ's finding.

## VII.  Conclusion

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed.   It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.   A separate judgment is entered herewith.

DONE this 31st of March, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE